IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

WHOLE HEMP COMPANY LLC, a Colorado
Limited Liability Company, doing business as
FOLIUM BIOSCIENCES,

     Plaintiff,                               Case No.

v.

KAZIMIRA, LLC, a Colorado Limited
Liability Company, OROCHEM
TECHNOLIGIES, INC., an Illinois
corporation, ASHA A. OROSKAR,
ANIL R. OROSKAR, PRIYANKA
OROSKAR AND PULAK SHARMA,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES, INJUNCTICE RELIEF, AND DEMAND FOR JURY TRIAL

Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES ("Plaintiff" or "Folium") sues the Defendants, KAZMIRA, LLC, a Colorado Limited Liability Company ("Kazmira"), OROCHEM TECHNOLOGIES, INC., an Illinois corporation ("Orochem"), ASHA A. OROSKAR, individually, ("Asha"), ANIL R. OROSKAR, individually, ("Anil"), PRIYANKA OROSKAR, individually, ("Priyanka") and PULAK SHARMA, individually, ("Pulak"), and alleges:

### THE PARTIES

1.     "Folium" is an active Colorado limited liability company registered with the Secretary of State of Colorado effective June 2, 2014, and maintains its principal place of business located at 828 Wooten Road, Colorado Springs, El Paso County, Colorado.

2.     Kazmira is an active Colorado limited liability company registered with the

1

Secretary of State of Colorado effective January 30, 2017, and maintains its principal office street address at 34501 East Quincy Avenue, Building # 65, Watkins, Arapahoe County, Colorado, and its principal office mailing address at 340 Shuman Road, Naperville, DuPage County, Illinois.

3.    Orochem is an active Illinois corporation, which maintains its principal place of business at 340 Shuman Road, Naperville, DuPage County, Illinois.

4.    Asha is a resident of the State of Illinois, residing at 104 Livery Circle, Oak Brook, Illinois.

5.    Anil is a resident of the State of Illinois residing at 104 Livery Circle, Oak Brook, Illinois.

6.    On information and belief, Priyanka is a resident of the State of Illinois, residing in Oak Brook, Illinois.

7.    Pulak is a resident of the State of Colorado.

## JURISDICTION AND VENUE

8.    This is an action for injunctive relief and damages arising from a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act, which provide for federal jurisdiction under 18 U.S.C. § 1964(a) and (c) and includes additional claims for state law remedies of fraud in the inducement and unjust enrichment in accordance with this Court's supplemental jurisdiction arising under 18 U.S.C. § 1367.

9.    At all times material hereto, Folium has been a person as defined in 18 U.S.C. § 1961(3).

10.    At all times material hereto, Kazmira has been a person as defined in 18 U.S.C. § 1961(3).

2

11.     At all times material hereto, Orochem has been a person as defined in 18 U.S.C. § 1961(3).

12.     On information and belief, Asha has been an officer, director, manager, managing member, employee and/or associated with Kazmira.

13.     At all times material hereto, Asha has been the President of Orochem and, on information and belief has been a director, employee and/or associated with Orochem.

14.     At all times material hereto, Asha has been a person as defined in 18 U.S.C. § 1961(3).

15.     At all times material hereto, Anil has been the Secretary and Chief Technology Officer of Orochem, and, on information and belief has been a director, employee and/or associated with Orochem.

16.     At all times material hereto, Anil has been a person as defined in 18 U.S.C. § 1961(3).

17.     At all times material hereto, Priyanka has been a person as defined in 18 U.S.C. § 1961(3).

18.     At all times material hereto, Pulak has been a person as defined in 18 U.S.C. § 1961(3).

19.     At all times material hereto, Priyanka and Pulak hold themselves out to be Co-Chief Executive Officers of Kazmira.

20.     Predicate acts giving rise to a civil RICO cause of action against the Defendants arise under 18 U.S.C. § 1957 and 18 U.S.C. § 2314 as more particularly described hereinafter.

21.     Venue of this action arises under 18 U.S.C. § 1965(a) because the transactions described hereinafter in violation of 21 U.S.C. 1962(b), (c) and (d) occurred in Arapahoe

County, Colorado.

## FACTUAL ALLEGATIONS

22.     With the passage of the Industrial Act of 2014 signed into law February 7, 2014

("2014 Farm Bill"), Congress differentiated industrial hemp from marijuana plants.  § 7606 of

the 2014 Farm Bill authorized the growth, cultivation and marketing of industrial hemp under

industrial pilot programs in states that have legalized such activities.  States with permitting of

industrial programs may authorize, upon the granting of an applicant's application, the issuance

of a State license to lawfully participate under the 2014 Farm Bill's hemp program.

23.     Colorado Revised Statutes, §§ 35-61-101 to 109, define "Industrial Hemp"

substantially similar to its federal counterpart; allowing a person who is properly registered with

the Colorado Department of Agriculture (1) to engage in Industrial Hemp cultivation "for

commercial purposes", or, (2) to grow Industrial Hemp "for research and development

purposes." Colorado law further provides that a person who is properly registered with the

Department is not subject to any civil or criminal penalties for "processing, selling, transporting,

possess[ing] or otherwise distributing industrial hemp" in accordance with C.R.S. § 35-61-

108(2).

24.     At all times material hereto, Folium is and has been duly permitted (1) to engage

in Industrial Hemp cultivation "for commercial purposes" and (2) to grow Industrial Hemp "for

research and development purposes" by the Colorado Department of Agriculture in accordance

with the 2014 Farm Bill.

25.     As a permitted grower, cultivator and marketer of industrial hemp, Folium has

lawfully undertaken the following, as authorized by the 2014 Farm Bill and the Colorado

4

Agriculture Program: (1) Folium maintains compliance with the State of Colorado's established industrial hemp research or pilot programs; (2) Folium engages in studies of the industrial hemp industry; and (3) Folium establishes its own commercial industrial hemp programs, the latter relating specifically to Defendant Orochem.

26.     At all times material hereto, Orochem held itself out to the public as being "an organization that conceives, develops, and installs some of the most technologically viable solutions for "highest purities" for industrial or "metric ton" scale purification for API's [Active Pharmaceutical Ingredients], nutritional supplements, fatty acids, and specialty sugars."

27.     At all times material hereto, Asha and Anil were the persons in joint control of and/or directing the day-to-day business activities of Orochem.

28.     On information and belief, at all times material hereto, Asha, Anil, Pulak and/or Priyanka were the persons in joint control of and/or directing the day-to-day business activities of Kazmira.

29.     At all times material hereto, Plaintiff was a grower of industrial hemp in the State of Colorado with the business intention of having said industrial hemp converted into lawfully saleable cannabidiol ("CBD") oil ("CBD Oil") and lawfully saleable powdered CBD extract ("CBD Isolate") marketable throughout the United States of America – where lawfully allowed.

30.     Plaintiff's industrial hemp was and is considered a unique product because the strain used contains a high CBD content up to eighteen percent (18%).

31.     On or about October 20, 2015, Folium and Orochem entered into a Mutual Secrecy Agreement ("MSA") for the purpose of exploring the suitability of Orochem's allegedly proprietary chromatographic technology to confirm the extraction process to be utilized by Orochem would meet the specifications for the production of CBD Oil and CBD Isolate from

Folium's industrial hemp.

32.     At all times material hereto, both Asha and Anil, individually and jointly on behalf of Orochem and themselves, on and after October 20, 2015, represented to Folium that Orochem was authorized under the laws of the State of Illinois and the provisions of the Federal 2014 Farm Bill to lawfully extract produce, CBD Oil and CBD Isolate, from industrial hemp grown or cultivated by Folium and that they can do so with the greatest of efficiency, speed and quality assurance.

33.     At all times material hereto, Orochem, Asha and Anil knew, but intentionally failed to disclose to Folium, that Orochem did not have a permit or license to produce CBD Oil and CBD Isolate from industrial hemp from any agency of the State of Illinois, including, but not limited to the Illinois Agriculture Department and the Illinois Department of State Police and/or the Compassionate Use of Medical Cannabis Pilot Program Act (430 ILCS 130) and/or the Industrial Hemp Pilot Program, 720 ILCS 550/15.2.

34.     As a result of entering into the MSA, and relying on the confidentiality aspects of Folium and Orochem's confidential business relationship, Folium disclosed and/or provided the following confidential information to Orochem:

> a. Folium provided Orochem the specific plant material and the hemp oil for Orochem to test and understand the material based on which Orochem's purification process was developed and Orochem's chromatographic technology utilized during the extraction process established by Folium;
>
> b. Folium provided Orochem the supercritical extraction process and resulting CBD Oil product and CBD Isolate product attributes; key steps of this process were used by Orochem to develop an understanding later translated into the solvent

6

extraction process utilized for the extraction by Orochem and production of the CBD Oil and CBD Isolate;

c. Folium brought to Orochem's attention an analytic testing method validated for use by certain state and federal agencies to accurately and reliably measure phytocannabinoids; without a validated testing method, the development of the extraction process by Orochem would have been impossible;

d. Folium brought to Orochem's attention the analytical standards used to measure the content of phytocannabinoids; the qualified reference material made it possible for Orochem to measure the final product and improve/finalize their purification processes;

e. Folium's team led the key process development of the extraction process regarding removal of the solvent from the final product; i.e., CBD Oil and/or CBD Isolate; the complete removal of solvent is a critical attribute of the final product and without Folium's sharing of information and data, Orochem's extraction process for the production of the CBD Oil and CBD Isolate would not have been possible;

f. Folium provided the confidential specifications for optimizing the conditions, concentration, time, and temperature, to achieve maximum crystal purity during Orochem's extraction process and CBD Oil and CBD Isolate production process.

35. CBD Oil and CBD Isolate is marketable under certain state laws so long as the CBD Oil and CBD Isolate are produced in accordance with the specific state's laws.

36. Commencing January 2016, Orochem agreed to produce the CBD Oil and CBD Isolate to Folium's specifications and provide independent laboratory certification that the CBD

7

Oil and CBD Isolate were produced in accordance with Folium's production standards in exchange for Plaintiff's payment to Orochem of $5,000 per kilogram of CBD Oil and CBD Isolate.

37.    Commencing January 2016 through January 18, 2017, Orochem represented that it had produced from Folium's industrial hemp in excess of 200 kilograms of CBD Oil and CBD Isolate at Orochem's Naperville, Illinois business premises.

38.    The said CBD Oil and CBD Isolate were the property of Folium.

39.    As of January 18, 2017, on information and belief, Orochem had in its possession and control at its business premises in Naperville, Illinois, unprocessed stalks of Plaintiff's industrial hemp and more than 100 kilograms of additional CBD Oil and CBD Isolate processed from Plaintiff's industrial hemp.

40.    During the time period from January 1, 2016, through January 18, 2017, Plaintiff paid Orochem the sum of **One Million Three Hundred Eighty-Six Thousand Eight-Six Dollars and No Cents ($1,386,086.00)** for lawful production of CBD Oil and CBD Isolate.

41.    In addition to the amount paid to Orochem set forth in the previous paragraph, during the said time period Plaintiff advanced Orochem an additional **Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00)** to enable Orochem to purchase the equipment necessary for Orochem to engage in the lawful production of CBD Oil and CBD Isolate to the standards specified by Folium and to be used exclusively for Folium.

42.    In addition to the amounts set forth in the previous paragraphs, Plaintiff incurred to sum of **One Hundred Eighty-Two Thousand Nine Hundred Twenty-One Dollars and No Cents ($182,921.42)** in employee payroll expenses and employee travel expenses to assist Orochem in the development of process to engage in the lawful production of CBD Oil and CBD

8

Isolate.

## COUNT I
## CIVIL DAMAGES FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (ALL DEFENDANTS)

43.     Plaintiff realleges the allegations set forth in paragraphs 1 through 42 above as fully as if the same were incorporated herein by reference.

44.     On or about January 2017 and thereafter, Asha, Anil, Priyanka and Pulak conspired together to perform the following acts:

a.  Orochem would exercise ownership, possession and control over the unprocessed stalks of Plaintiff's industrial hemp described in paragraph 35 above with an intent to deprive Plaintiff of its ownership rights therein;

b.  Orochem would exercise ownership, possession and control over the more than 100 kilograms of additional CBD Oil already processed from Plaintiff's industrial hemp described in paragraph 35 above with an intent to deprive Plaintiff of its ownership rights in the said CBD Oil;

c.  Knowing that Orochem was not licensed to sell or process CBD Oil in the State of Illinois, forming Kazmira, LLC, as a Colorado Limited Liability Company on January 30, 2017, to (1) facilitate the shipment from the State of Illinois in interstate transportation and receipt in the State of Colorado of the CBD Oil stolen from Folium and described in the previous subparagraph to be shipped from the State of Illinois; (2) storage of the said CBD Oil in the State of Colorado; (3) sale of the said CBD Oil to third parties for the benefit of Kazmira and Orochem; (4) facilitate the receipt in interstate transportation in the State of Colorado of the

unprocessed industrial hemp stolen from Folium and described in the previous

subparagraph to be shipped from the State of Illinois; (5) and processing of the

said industrial hemp into CBD Oil to be stored and sold for the benefit Kazmira

and Orochem.

45.    On and after January 30, 3017, Asha, Anil, Priyanka, Pulak, Kazmira and

Orochem functioned as an enterprise as defined in 18 U.S.C. § 1961(4).

46.    On and after January 30, 3017, Asha, Anil, Priyanka, and Pulak caused Kazmira

and Orochem to act in concert to accomplish the conspiracy by performing and completing the

following acts:

a. Registering Kazmira LLC on January 30, 2017 and a Colorado Limited Liability
   Company;

b. Asha, Anil, Priyanka and Pulak caused Kazmira to rent and take possession of a
   warehouse located at 34501 East Quincy Avenue, Building # 65, Watkins,
   Arapahoe County, Colorado ("Kazmira's warehouse");

c. Asha, Anil, Priyanka and Pulak caused all monetary payments to be made on
   behalf of Orochem and Kazmira to facilitate the racketeering activity described
   herein;

d. On or about January 30, 2017, and thereafter, causing to be made two or more
   shipments in interstate commerce from the State of Illinois to Kazmira's
   warehouse the more than sixty (60) kilograms of CBD Oil and/or industrial hemp
   stolen from Folium;

e. Receipt by Kazmira at Kazmira's warehouse of the said stolen CBD Oil and
   industrial hemp with a value on information and belief in excess of

$2,000,000.00;

f.  Storage by Kazmira at Kazmira's warehouse of the said stolen CBD Oil and industrial hemp with a value on information and belief in excess of $2,000,000.00

g.  Kazmira's facilitation of the sale of the said stolen CBD Oil and industrial hemp with a value on information and belief in excess of $2,000,000.00 with the intent to profit therefrom;

h.  Sales to third parties of the said stolen CBD Oil by Kazmira on information and belief valued at more than $1,000,000.00 with the intent to profit therefrom;

i.  Kazmira's processing in Colorado of the industrial hemp stolen from Folium into CBD Oil with a value on information and belief in excess of $1,000,000.00 with the intent to profit therefrom.

47.     The acts described in the previous paragraph constitute interstate transportation of stolen goods and are in violation of 18 U.S.C. § 2314 and engaging in monetary transactions in property derived from unlawful activity and are in violation of 18 U.S.C. § 1957.

48.     The previously described violations of law constitute racketeering activity under 18 U.S.C. § 1961(1) and a pattern of racketeering activity under 18 U.S.C. §1961(5).

49.     The acts described in this Count constitute a violation of 18 U.S.C. § 1962(b), (c) and (d).

50.     Folium is a person who has been injured for **actual damages in its business and/or property in a sum in excess of $2,000,000.00** as a result of the violations of 18 U.S.C. § 1962(b), (c) and (d) by each and every defendant and is entitled to treble damages, costs of suit and a reasonable attorney's fee pursuant to 18 U.S.C. § 1964(c).

Wherefore, Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES, against the Defendants, KAZMIRA, LLC, a Colorado Limited Liability Company, OROCHEM TECHNOLOGIES, INC., an Illinois corporation, ASHAA. OROSKAR, ANIL R. OROSKAR, PRIYANKA OROSKAR and PULAK SHARMA, jointly and severally for triple damages in a sum **in excess of Six Million Dollars ($6,000,000.00) (In excess of $2,000,000.00 actual damages trebled) plus costs of this action and a reasonable attorneys fee**.

### COUNT II
## INJUNCTIVE RELIEF FOR VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (ALL DEFENDANTS)

51.     Plaintiff realleges the allegations set forth in paragraphs 1 through 42 and 44 through 50 above as fully as if the same were incorporated herein by reference.

52.     On information and belief, Folium believes that the Defendants and each of them will continue to engage in the unlawful activities described hereinabove, whether individually and/or in concert with one or more of the other Defendants.

53.     In order to prevent each Defendant from continuing to engage in the said unlawful activities and to protect Folium and other persons from the Defendants' unlawful acts, it is right, just, and in the public interest that the Court should enter the following injunctive relief in accordance with 18 U.S.C. § 1964(a):

     a.  Asha, Anil, Priyanka, Pulak, Kazmira and Orochem should be enjoined from processing any further industrial hemp stolen from Folium and the remaining unprocessed industrial hemp should be deemed adulterated and destroyed at the expense of the Defendants;

     b.  Asha, Anil, Priyanka, Pulak Kazmira and Orochem should be enjoined from

selling the CBD Oil stolen from Folium and or extracted from the industrial hemp stolen from Folium and the said CBD Oil should be deemed adulterated and destroyed at the expense of the Defendants;

c. Asha should be ordered to forthwith divest herself of any direct or indirect interest in Kazmira;

d. Anil should be ordered to forthwith divest himself of any direct or indirect interest in Kazmira;

e. Priyanka should be ordered to forthwith divest himself of any direct or indirect interest in Kazmira;

f. Pulak should be ordered to forthwith divest himself of any direct or indirect interest in Kazmira;

g. Asha should be ordered to forthwith divest herself of any direct or indirect interest in Orochem;

h. Anil should be ordered to forthwith divest himself of any direct or indirect interest in Orochem;

i. Priyanka should be ordered to forthwith divest himself of any direct or indirect interest in Orochem;

j. Priyanka should be ordered to forthwith divest himself of any direct or indirect interest in Orochem;

k. Ordering the dissolution of Kazmira;

l. Ordering the dissolution of Orochem;

m. Ordering Kazmira to forthwith cease and desist from further importation, storage, processing, exportation and/or sale of industrial hemp and any products extracted

13

and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom;

n.  Ordering Orochem to forthwith cease and desist from further importation, storage, processing, exportation and/or sale of industrial hemp and any products extracted and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom;

o.  Enjoining Asha from directly or indirectly owning, managing, operating and/or controlling in whole or in part any business engaged in the growing, processing of industrial hemp and any products extracted and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom;

p.  Enjoining Anil from directly or indirectly owning, managing, operating and/or controlling in whole or in part any business engaged in the growing, processing of industrial hemp and any products extracted and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom;

q.  Enjoining Priyanka from directly or indirectly owning, managing, operating and/or controlling in whole or in part any business engaged in the growing, processing of industrial hemp and any products extracted and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom; and

r.  Enjoining Pulak from directly or indirectly owning, managing, operating and/or controlling in whole or in part any business engaged in the growing, processing of industrial hemp and any products extracted and/or derived therefrom and/or the sale of industrial hemp and any products extracted and/or derived therefrom

14

Wherefore, Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES, that this Court will exercise its lawful authority and enter the injunctive relief requested in each subparagraph of the previous paragraph of this Count against Defendants, KAZMIRA, LLC, a Colorado Limited Liability Company, OROCHEM TECHNOLOGIES, INC., an Illinois corporation, ASHA A. OROSKAR, ANIL R. OROSKAR, PRIYANKA OROSKAR, and PULAK SHARMA.

## COUNT III
## FRAUDULENT INDUCEMENT TO ENTER INTO CONTRACT
## (AGAINST OROCHEM, ASHA AND ANIL)

54.     Plaintiff realleges the allegations set forth in paragraphs 1 through 42 above as fully as if the same were incorporated herein by reference.

55.     Orochem, Asha and Anil, individually and jointly, knowing that the representations made in paragraph 32 and 33 above were intentionally false, were intentionally made in order to induce Folium to not only disclose its confidential business information described above in order to access the industrial hemp market, and to induce Folium to contract with Orochem to pay Orochem for processing Folium's industrial hemp into CBD Oil and CBD Isolate.

56.     The false representations made to Folium by Orochem, Anil and Asha, individually and jointly, as set forth in paragraphs 32 and 33 above were material to the decision by Folium to not only disclose Folium's confidential business information described above, but also to Folium's business decision to contract with Orochem to pay Orochem for processing Folium's industrial hemp into CBD Oil and CBD Isolate.

57.     Folium reasonably relied upon the said false and material representations made by

15

Orochem, Anil and Asha, individually and jointly, as set forth in paragraphs 32 and 33 above, and, but for such false and material representations, Folium would not have disclosed Folium's confidential business information described in paragraph 34 above, and would not have contracted with and paid Orochem to process Folium's industrial hemp into CBD Oil and CBD Isolate.

58.     As a result of the failure of Orochem to be properly permitted and/or licensed under the laws of the State of Illinois and the provisions of the Federal 2014 Farm Bill to lawfully produce CBD Oil and CBD Isolate from industrial hemp grown or cultivated by Folium, all of the CBD Oil and CBD Isolate produced by Orochem was legally adulterated and not fit for the use intended.

59.     As a result of the said false and material representations of Orochem, Anil and Asha, reasonably relied upon as a material inducement to Folium to contract for Orochem to produce CBD Oil and Isolate from industrial hemp grown or cultivated by Folium, Folium has been damaged as follows:

  a.  Folium incurred in excess of **One Hundred Eighty-Two Thousand Nine Hundred Twenty-One Dollars and No Cents ($182,921.42)** in employee payroll expenses and employee travel expenses utilizing Folium's employees to assist Orochem in developing the industrial hemp extraction process utilized by Orochem to produce the CBD Oil and Isolate;

  b.  Folium advanced **Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00)** to Orochem to purchase equipment for the extraction process utilized by Orochem to process Folium's industrial hemp;

  c.  Folium paid **One Million Three Hundred Eighty-Six Thousand Eight-Six**

**Dollars and No Cents ($1,386,086.00)** to Orochem for the production of the unlawful and/or adulterated CBD Oil and Isolate;

d.  Folium's business reputation has been damaged;

e.  Folium's existing business relationships have been damaged;

f.  Orochem has used and continues to use Folium's confidential information in order to contract with third party entities to compete with Folium's business of selling CBD Oil and Isolates and products produced from the CBD Oil and/or Isolates.

Wherefore, Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES demands damages against the Defendant, OROCHEM TECHNOLOGIES, INC., an Illinois corporation, ASHA A. OROSKAR and ANIL OROSKAR, jointly and severally in a sum in excess of **Twenty Million Dollars ($20,000,000.00)** plus costs of this action.

## COUNT IV
## QUASI-CONTRACT (UNJUST ENRICHMENT) AGAINST OROCHEM

60.  Plaintiff realleges the allegations set forth in paragraphs 1 through 42 above as fully as if the same were incorporated herein by reference.

61.  During the business relationship between Plaintiff and Orochem, Orochem elected to purchase equipment and materials in order to provide the agreed upon CBD Oil and Isolate to Plaintiff.

62.  As a result, Orochem suffered a cash shortfall concerning the purchase of the said equipment and materials and, as a result, requested Plaintiff to advance Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00) to enable Orochem to provide the agreed upon

17

CBD Oil to Plaintiff; however, the terms of repayment of Plaintiff's monies by Orochem were never finalized.

63. Plaintiff has made demand upon Orochem to repay Plaintiff the monies advanced to Orochem to purchase the equipment and materials; however, Orochem has failed and refused to repay the same.

64. It would be unjust and inequitable for Orochem to retain the benefit of the monies advanced to Orochem by Plaintiff for the purchase of the said equipment and materials.

65. In order to prevent injustice, Plaintiff is entitled to a finding imposing a quasi-contract upon Orochem requiring Orochem to forthwith repay the monies advanced to Orochem by Plaintiff for the purchase of the said equipment and materials along with lawful interest thereon from the date of such advancement.

Wherefore, Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES prays that this Court will find that Orochem has been unjustly enriched at the expense of the Plaintiff and will thereupon impose a quasi-contract and award Plaintiff Four Hundred Fifty Thousand Dollars and No Cents ($450,000.00) in compensatory damages plus lawful interest thereon against the Defendant, OROCHEM TECHNOLOGIES, INC., an Illinois corporation.

**COUNT V**
**BREACH OF CONTRACT AGAINST OROCHEM**

66. Plaintiff realleges the allegations set forth in paragraphs 1 through 42 above as fully as if the same were set forth verbatim.

67. Orochem regularly and continuously breached its contract to provide Plaintiff with CBD Oil and CBD Isolate on and after January 1, 2016, by engaging in the following acts:

18

a. Failing to Orochem have a permit or license to produce CBD and CBD Isolate from industrial hemp from any agency of the State of Illinois, including, but not limited to the Illinois Agriculture Department and the Illinois Department of State Police and/or the Compassionate Use of Medical Cannabis Pilot Program Act (430 ILCS 130) and/or the Industrial Hemp Pilot Program, 720 ILCS 550/15.2.

b. Failing to meet production schedules committed to by Orochem, thereby injuring Plaintiff's business reputation and causing Plaintiff to breach its contractual delivery obligations;

c. Unlawfully withholding Plaintiff's CBD Oil and CBD Isolate in an attempt to extort Plaintiff to relinquish its claim for repayment of the monies Plaintiff had advanced Orochem to purchase equipment and materials;

d. On information and belief, utilizing Plaintiff's confidential and proprietary information to engage in and/or assisting third parties to engage in competition with the Plaintiff in the business of selling CBD Oil, CBD Isolate and products produced from the CBD Oil and/or CBD Isolate.

68.   As a result, Plaintiff has been damaged in a sum in excess of **Twenty Million Dollars ($20,000,000.00)**.


WHEREFORE, Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES, demands damages against the Defendant, OROCHEM TECHNOLOGIES, INC., an Illinois corporation, in a sum in excess of **Twenty Million Dollars ($20,000,000.00)** plus costs of this action.

## JURAT

Under penalties of perjury, I, KASHIF SHAN, in my capacity as Chief Executive Officer of Plaintiff, Whole Hemp Company, a Colorado Limited Liability Company, hereby affirm that I have read the foregoing Complaint against the Defendants, OROCHEM TECHNOLOGIES, INC., an Illinois corporation, ASHA A. OROSKAR and ANIL OROSKAR, and the facts set forth in the Complaint are true and correct.

_____
KASHIF SHAN

Sworn to and subscribed before me on this ___ day of April, 2017.

_____
NOTARY PUBLIC STATE OF COLORADO

PATRICIA HOBDY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20024023185
MY COMMISSION EXPIRES JULY 19, 2018

20

## DEMAND FOR JURY TRIAL

Plaintiff, WHOLE HEMP COMPANY, a Colorado Limited Liability Company, doing business as FOLIUM BIOSCIENCES, demands a jury trial of all issues triable as of right by a jury.

Respectfully submitted,

/s/ *Craig A. Brand, Esq.*

**Craig A. Brand, Esq.**
Ganja Law P.L.L.C.
GAI Building
618 E. South Street, Suite 500
Orlando, FL 32801
Telephone: (305) 878-1477
E-mail: Craig@ganjalaw.com
Attorney for Plaintiff