## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00898-MSK-MEH

WHOLE HEMP COMPANY LLC, a Colorado
Limited Liability Company, doing business as
Folium Biosciences,

      Plaintiff,

v.

KAZIMIRA, LLC, a Colorado limited Liability Company,
OROCHEM TECHNOLOGIES, INC., an Illinois corporation,
ASHA A. OROSKAR,
ANIL R. OROSKAR,
PRIYANKA OROSKAR, and
PULAK SHARMA,

      Defendants.

---

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO
## FED. R. CIV. P. 12(B)(6) AND 12(B)(1)

---

### INTRODUCTION

Plaintiff Whole Hemp Company, LLC d/b/a Folium Biosciences ("Folium") is trying to manufacture federal jurisdiction and wield a litigation hammer against Defendants by characterizing garden-variety breach of contract and tort claims as "racketeering" under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). But it does not – and cannot – allege the facts necessary to plead the elements of a RICO claim. The Tenth Circuit consistently has rejected litigants' efforts to manufacture RICO claims out of routine business disputes. This Court should follow that

precedent and, pursuant to Federal Rule of Civil Procedure 12(b)(6), dismiss Folium's RICO claims.

*First*, Folium fails to allege the necessary pattern of racketeering activity because the purported scheme it alleges does not satisfy the "continuity" requirement enunciated by the U.S. Supreme Court and applied by the Tenth Circuit and this Court. Instead, Folium asserts a limited-duration scheme directed at a single victim for a discrete purpose. Such allegations do not come close to satisfying the continuity requirement necessary to plead RICO's "pattern of racketeering" element. *See infra* pp. 6 – 10.

*Second*, Folium has not alleged a RICO enterprise because it has not and cannot allege any distinction between the claimed "enterprise" and the RICO "persons" conducting its affairs. Rather, Folium has alleged that two affiliated companies, along with their officers and employees, defrauded it in the normal course of business. The Tenth Circuit explicitly has held that a defendant corporation, acting through its subsidiaries and employees, cannot be both the RICO "person" and the RICO "enterprise." *See infra* pp. 10 – 11.

*Third*, Folium fails to satisfy the "conduct" element of RICO in that the complaint does not contain factual allegations showing that *each* Defendant operated or managed the affairs of the claimed enterprise. Instead, Folium has lumped all the Defendants – Orochem Technologies, Inc. ("Orochem"), Kazmira, LLC ("Kazmira"), Anil Oroskar ("Anil"), Asha Oroskar ("Asha"), Priyanka Oroskar ("Priyanka"), and Pulak Sharma ("Pulak") – together, claiming that "they" committed racketeering acts in violation of RICO. Pleading a RICO claim in that manner is impermissible under Federal Rule of

Civil Procedure 9(b). *See infra* pp. 11 – 12.

Finally, if the Court dismisses the RICO claims (Counts I & II), it should dismiss Folium's remaining state law claims for fraudulent inducement (Count III), unjust enrichment (Count IV), and breach of contract (Count V), pursuant to Federal Rule 12(b)(1). This Court regularly follows the Supreme Court's instruction that, if the claims giving rise to federal-question jurisdiction are dismissed at this early stage of an action, any remaining state law claims should be dismissed as well. *See infra* pp. 12 – 13.

## ALLEGATIONS OF THE COMPLAINT

Folium alleges that it is permitted to cultivate industrial hemp for commercial purposes. Compl. ¶ 24. It tried to convert industrial hemp into cannabidiol ("CBD") oil and powdered CBD extract to sell in the United States. *Id.* ¶ 29. CBD is a molecule produced from industrial hemp that is believed to provide certain therapeutic benefits, including to address pain, inflammation, and spasms.[1]

Orochem is a technology company that uses simulated moving bed chromatography to purify, among other things, active pharmaceutical ingredients, proteins, nutraceuticals, and sugars in commercial quantities. *Id.* ¶ 26. In 2015, Folium sought Orochem's assistance, asking it to extract CBD oil and CBD isolate from Folium's industrial hemp. *Id.* ¶¶ 31, 32. To that end, the parties agreed, in January 2016, that Folium would provide Orochem with industrial hemp and, in exchange for $5,000 per kilogram, Orochem would produce THC-free CBD oil and CBD isolate from Folium's

---

[1] To be clear, although CBD is produced from industrial hemp, CBD, unlike THC, does not have psychoactive (*i.e.*, mind-altering) properties.

materials. *Id.* ¶¶ 34, 36.

From January 2016 to January 2017, it is alleged, Orochem produced over 200 kilograms of CBD oil and isolate from Folium's industrial hemp. *Id.* ¶ 37. As of January 18, 2017, the complaint asserts, Orochem had in its possession another 100 kilograms' worth of CBD oil and isolate processed from Folium's industrial hemp which, according to Folium, Defendants "stole" and shipped to a Colorado limited liability company formed on January 30, 2017 – Kazmira LLC – for the purpose of selling the product to third parties. *Id.* ¶¶ 39, 44(c). On that date, with Kazmira's formation, Folium alleges, Defendants "Asha, Anil, Priyanka, Pulak, Kazmira and Orochem" began operating as a RICO enterprise. *Id.* ¶ 45.

Also on or about January 30, 2017, Folium alleges, the Defendants jointly committed two RICO predicate acts by shipping "stolen" goods (*i.e.*, Folium's CBD oil and isolate) over state lines, in violation of 18 U.S.C. § 2314 ("transportation of stolen goods"), and by selling those goods to third parties, in violation of 18 U.S.C. § 1957 ("engaging in monetary transactions in property derived from specified unlawful activity"). *Id.* ¶¶ 46-47. These acts, Folium says, "constitute racketeering activity under 18 U.S.C. 1961(1) and a pattern of racketeering activity under 18 U.S.C. 1961(5). *Id.* ¶ 48.

Folium alleges that Asha is the president of Orochem and an officer of Kazmira. *Id.* ¶ 12-13. Anil, according to the complaint, is Orochem's secretary. *Id.* ¶ 15. Priyanka

and Pulak are alleged to hold themselves out as executives of Kazmira. *Id.* ¶ 19.

## LEGAL STANDARD

Under Rule 12(b)(6), the Court should dismiss any claim that fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). To demonstrate facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pertinent to this motion, Federal Rule 9(b)'s heightened pleading standard has been held to apply to RICO claims. *Tal v. Hogan,* 453 F.3d 1244, 1263 (10th Cir. 2006); *CGC Holding Co., LLC v. Hutchens*, 824 F. Supp. 2d 1193, 1211 (D. Colo. 2011). Under this standard, the plaintiff must allege its claims "with particularity," that is, Plaintiff has the "obligation to specify the particular acts of each defendant" and a complaint that "lumps together the defendants…lumps together the alleged enterprises and makes vague and conclusory allegations" will fail to satisfy this standard.  *See Seidl v. Greentree Mortg. Co.,* 30 F. Supp. 2d 1292, 1304-05 (D. Colo. 1998).

## ARGUMENT

Folium has failed to plead facts that establish RICO's basic elements. "The elements of a RICO violation consist of '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985); *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 232 (1989). Folium does not and cannot allege a pattern of racketeering activity, a RICO enterprise, or RICO "conduct." Its failure to plead *any one* of these required elements mandates dismissal. Its

remaining state law claims should be dismissed for lack of federal jurisdiction.

## I.    Folium Fails To State A RICO Claim

Given the multiple defects in Folium's purported RICO claims, it is clear that it has attempted to transform what is at most a routine commercial dispute into a racketeering case. Courts in this circuit do not permit this misuse of RICO. *See Condict v. Condict*, 826 F.2d 923, 929 (10th Cir. 1987) (affirming dismissal of RICO claims, describing plaintiff's complaint as "an unsuccessful effort to dress up a garden-variety fraud and deceit case in RICO clothing"); *see also SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1516 (10th Cir. 1990) ("[a]t most, what has been alleged is a business deal gone sour, accompanied by the breach of fiduciary duty and various other torts by the defendants.")

### A.    Folium Has Not Alleged Facts Constituting A Pattern Of Racketeering Activity

On its face, the scheme Folium alleges is of limited duration, directed at a single victim, and for a discrete purpose. The Supreme Court, Tenth Circuit, and this Court all have held that such allegations do not meet the "continuity" requirements necessary to allege a pattern of racketeering activity.

While RICO requires at least two acts of racketeering activity, not just any two acts establish a pattern. *George v. Urban Settlement Services*, 833 F.3d 1242, 1254 (10th Cir. 2016); *see also Sedima*, 473 U.S. at 489 ("[t]he legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern"). To properly plead a racketeering pattern, the alleged facts must show "continuity" through the alleged predicate acts – in other words, acts that pose a threat of *continued criminal activity. H.J., Inc.,* 492 U.S. at 239. That is, a RICO plaintiff must allege facts showing

that "the predicates themselves amount to, or that they otherwise constitute a threat of, continuing racketeering activity." *Id.* at 240 (emphasis in original). This continuity element codifies Congress's intent that the statute not apply to "sporadic activity" or to an "isolated offender," much less run-of-the-mill commercial disputes, but rather to actual *racketeers. Torwest DBC, Inc. v. Dick*, 810 F.2d 925, 928 (10th Cir. 1987).

A RICO plaintiff can satisfy the continuity element by alleging facts that demonstrate either (1) a closed-ended conspiracy that existed for such an extended period of time that a threat of future criminal activity is implied, or (2) an open-ended conspiracy that, while short-lived, shows clear signs of threatening to continue into the future. *H.J.,* 492 U.S. at 241. These two forms of continuity are respectively referred to as closed-ended and open-ended continuity. *Boone v. Carlsbad Bancorporation, Inc.*, 972 F.2d 1545, 1555 (10th Cir. 1992); *Gotfredson v. Larsen LP,* 432 F. Supp. 2d 1163, 1174-76 (D. Colo. 2006). "A party alleging a RICO violation may demonstrate … [closed-ended continuity] by proving a series of related predicates extending over a substantial period of time." *H.J.*, 492 U.S. at 241-42. "Open-ended continuity requires a clear threat of future criminal conduct related to past criminal conduct." *SIL-FLO,* 917 F.2d at 1516.

Whether using closed- or open-ended continuity, the common thread is clear: a RICO plaintiff must adequately allege a "clear threat of future criminal conduct." *Gotfredson* 432 F. Supp. 2d at 1174-76 (citing *Erikson v. Farmers Grp., Inc.,* 151 Fed. Appx. 672, 677 (10th Cir. 2005)); *Boone*, 972 F.2d at 1555 (even when racketeering activity takes place over "substantial period of time," no continuity exists absent a clear threat of future conduct); *Phelps v. Wichita Eagle-Beacon,* 886 F.2d 1262, 1273 (10th

Cir. 1989). To that end, the Tenth Circuit holds that "[a] single scheme to accomplish one discrete goal, directed at a finite group of individuals, with no potential to extend to other persons or entities, rarely will suffice." *See, e.g., Erikson,* 151 Fed. Appx. at 677; *SIL-FLO*, 917 F.2d at 1515; *Phelps,* 886 F.2d at 1273-74; *Gotfredson*, 432 F. Supp. 2d at 1176. The court determines the existence of closed or open-ended continuity based on two main factors: (1) the duration of the related predicate acts and (2) the "extensiveness" of the alleged RICO enterprise's scheme. *Resolution Trust*, 998 F.2d at 1543-44.

Folium cannot plausibly claim it has alleged a scheme that is long in duration. Its complaint alleges two predicate acts, both of which are alleged to have been committed only months ago on January 30, 2017. Compl. ¶¶ 46-48. The short duration of the alleged predicate acts weighs strongly against continuity. *H.J.*, 492 U.S. at 243; *SIL-FLO*, 917 F.2d at 1516 ("Predicate acts extending over a few weeks or months are insufficient.")

Nor can Folium establish the requisite level of its alleged scheme's "extensiveness." In evaluating extensiveness, the Tenth Circuit applies six factors, which the Court set forth in *Resolution Trust*. Those factors are: "(1) the number of victims, (2) the number of racketeering activities, (3) the variety of racketeering activities, (4) whether the injuries caused were distinct, (5) the complexity and size of the scheme, and (6) the nature or character of the enterprise or unlawful activity." 998 F.2d at 1543. Folium has not alleged facts that satisfy any of these factors.

A scheme that is "small and limited with respect to victims and activities" that

involves "neither complex nor large-scale illegal activities, and, at bottom, 'constitutes a single scheme to accomplish a discrete goal,'" does not satisfy the continuity requirement of RICO. *Giese v. Giese,* 16-cv-01032, 2017 WL 1407037 * 4 (D. Colo. Apr. 17, 2017) (dismissing RICO complaint that failed to allege continuity); *see also Gotfredson,* 432 F. Supp. 2d at 1174-76 (dismissing RICO complaint that alleged seventeen-month scheme because it was aimed at a discrete goal and directed at a finite number of individuals without potential to extend to other persons); *Loncar v. Western Peak, LLC,* 08-cv-01592, 2010 WL 965519, at *4 (D. Colo. Mar. 15, 2010) (dismissing RICO claim alleging racketeering activity for a "little more than a year" that described "a limited range of acts aimed at achieving a singular goal at the expense of a small group of victims").

Folium has alleged that Defendants took their property and shipped it to Colorado to sell it. Compl. ¶¶ 44-48. It alleges that this conduct constitutes the "racketeering activity" of shipping stolen property across state lines in violation of 18 U.S.C. § 2314 and engaging in monetary transactions with stolen goods in violation of 18 U.S.C. § 1957. But both of those limited purported predicate acts are alleged to have taken place at the end of January 2017 as part of a single transaction. Compl. ¶¶ 46-48. The alleged conduct was short-lived, had one goal (profit for Defendants) and one supposed victim (Folium).

Folium's allegations do not even remotely suggest any threat of criminal activity continuing into the future or reaching entities other than Folium. Folium simply alleges that Defendants took its product to its detriment for one purpose: to monetarily benefit themselves. Compl. ¶¶ 44-46. As a matter of law, this type of alleged scheme falls short

on the "continuity" element. *See Bixler v. Foster,* 596 F.3d 751, 761 (10th Cir. 2010) ("single scheme to accomplish…discrete goal" subject to dismissal for failure to show any threat of future criminal conduct). Folium's failure to allege facts showing continuity means it cannot plead a pattern of racketeering activity. Accordingly, its RICO claims should be dismissed.

### B.   Folium Has Not Alleged Facts Establishing A RICO Enterprise

Folium also has failed to plausibly allege a RICO enterprise because it has failed to allege any distinction between the enterprise and the person or persons supposedly conducting the racketeering activities. As a matter of law, they cannot be the same.

RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *George,* 833 F.3d at 1248. "It is well-settled in this circuit, as in most others, that for purposes of 18 U.S.C. § 1962(c), the defendant 'person' must be an entity distinct from the alleged 'enterprise.'" *Brannon v. Boatmen's First Nat. Bank of Oklahoma*, 153 F.3d 1144, 1146 (10th Cir. 1998).

Folium has not distinguished between the enterprise, which it alleges to consist of all Defendants, Compl. ¶ 45, and the "persons" conducting the racketeering activities, *id.* ¶ 46.  It alleges that "Asha, Anil, Priyanka, Pulak, Kazmira and Orochem functioned as an enterprise" and that "Asha, Anil, Priyanka, and Pulak caused Kazmira and Orochem" to conduct "racketeering activity." *Id.* ¶¶ 46-48. Each of these Defendants is alleged to be an affiliate, officer, and/or employee of the others. *Id.* ¶¶ 12-19, 44(c). These allegations do not and cannot constitute the proper pleading of a RICO enterprise. *Brannon*, 153 F.3d

at 1146-48 (corporate parent and subsidiary not distinct); *George,* 833 F.3d at 1249 (a defendant corporation, acting through its subsidiaries, agents, or employees typically cannot be both the RICO "person" and the RICO "enterprise").

Moreover, in attempting to allege an enterprise, Folium has conceded that Defendants simply were conducting the affairs of the two entity Defendants – Orochem and Kazmira. A RICO plaintiff must demonstrate that the defendant conducted the affairs of the enterprise rather than simply conducting the defendant's own affairs. *George,* 833 F.3d at 1249. "[A] separate enterprise is not demonstrated by the mere showing that the corporation committed a pattern of predicate acts in the conduct of its own business." *Id.* (*citing Bd. of Cty. Comm'rs of San Juan Cty. v. Liberty Grp.,* 965 F.2d 879, 885 (10th Cir. 1992) (no enterprise when plaintiff alleged "nothing more than the various officers and employees of [the corporate defendant] carrying on the firm's business")). Since Folium has alleged nothing more than the employees and officers of Kazmira and Orochem carrying out the affairs of those businesses, it has failed to allege a RICO enterprise and its claims should be dismissed.

### 3. Folium Has Not Alleged Facts Showing That Each Defendant Committed RICO Conduct

The RICO claims also should be dismissed because Folium has not satisfied the "conduct" element of RICO for each defendant. In *Reves v. Ernst & Young*, the Supreme Court set forth the "operation and management" test to determine whether sufficient facts have been alleged to support RICO's "conduct" element. 507 U.S. 170, 178 (1993). It held that, "as both a noun and a verb in this subsection 'conduct' requires an element of direction." *Id.* That is, when RICO says that the defendant must "participate, directly or

indirectly, in the conduct of an enterprise's affairs," 18 U.S.C. § 1962(c), that means that, at the pleading stage, the plaintiff must allege facts showing that each defendant helped direct the enterprise. *Id.* at 179. To "participate, directly or indirectly, in the conduct of an enterprise's affairs" one must take some part in *directing* those alleged affairs. *Id.* Mere knowledge of alleged racketeering activity is insufficient to evidence direction. *Gen. Steel Domestic Sales, LLC v. Denver/Boulder Better Bus. Bureau,* 07-cv-01145, 2009 WL 535780, at *23 (D. Colo. Mar. 2, 2009).

Folium impermissibly "lumps" all five Defendants together without specifying which Defendant took part in what alleged conduct. *See Seidl,* 30 F. Supp. 2d at 1304-05 ("Where there is more than one defendant, the RICO plaintiff's obligation under Rule 9(b) is to specify the particular acts of each defendant….The lumping together of defendants in allegations of fact is impermissible under the requirement that a RICO claim be pleaded with particularity."). Despite Folium's obligation to plead the particular acts of each Defendant related to operation or management of the alleged enterprise, there are no allegations in the complaint identifying the specific conduct of any Defendant in particular. Folium's use of non-particularized pleading is expressly prohibited as it fails to meet the dictates of Rule 9(b). For this reason, too, the RICO counts should be dismissed. *Seidl,* 30 F. Supp. 2d at 1304-05.

## II. Folium's State Law Claims Should Be Dismissed For Lack Of Subject Matter Jurisdiction

If the Court dismisses the RICO claims, it should dismiss the remaining state court claims for lack of jurisdiction. *See Giese,* 2017 WL 1407037, at *5 (citing *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1996)) ("Certainly, if the federal claims are

dismissed before trial…the state claims should be dismissed as well."). Folium's only alleged bases for original jurisdiction in this Court are the RICO claims. *See* Compl. ¶ 8. Its other claims are state law claims, which, as Folium concedes, requires the Court to exercise supplemental or pendent jurisdiction pursuant to 28 U.S.C. § 1367. *Id.* Because, as the complaint shows, both Folium and Kazmira are Colorado citizens, Compl. ¶¶ 1-2, diversity of citizenship provides no independent basis for federal jurisdiction. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel., Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998). Accordingly, the Court should dismiss counts III through V. *See Giese,* 2017 WL 1407037 at * 5 ("dismissal of plaintiffs' RICO claim is warranted and because the remainder of plaintiffs' operative complaint consists of state law claims…there remains no basis for federal court jurisdiction."); *accord Gotfredson*, 423 F. Supp. at 1177.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion to dismiss.

June 5, 2017

s/ *Paul H. Schwartz*
Paul H. Schwartz
Jonathan A. Helfgott
Shoemaker Ghiselli + Schwartz LLC
1811 Pearl Street
Boulder, CO  80302
Telephone:  (303) 530-3452
pschwartz@sgslitigation.com
jhelfgott@sgslitigation.com

Michael T. Layden
Richard J. Prendergast, Ltd.
111 West Washington, Suite 1100
Chicago, IL 60602
Telephone: (312) 641-1291
mlayden@rjpltd.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2017, a true and accurate copy of the foregoing was filed and served with the Clerk of the Court using the CM/ECF system on the following:

Craig A. Brand, Esq.
Ganja Law P.L.L.C.
GAI Building
618 E. South Street, Suite 500
Orlando, FL  32801
craig@ganjalaw.com

*s/ Alanna Moore*